IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROTEGRITY CORPORATION<br>    a Cayman Islands Company,<br><br>Plaintiff,<br><br>v.<br><br>GAZZANG, INC.<br>    a Texas Corporation,<br><br>Defendant. | Civil Action No. _____<br><br><br>JURY TRIAL DEMAND |

## COMPLAINT AND JURY DEMAND

Plaintiff, PROTEGRITY CORPORATION, by and through its undersigned attorneys, alleges, upon information and belief, as follows:

THE PARTIES

1. Plaintiff, Protegrity Corporation, is a corporation incorporated under the laws of the country of The Cayman Islands, with its principal operating subsidiary in the United States, Protegrity USA, Inc., a Delaware Corporation, having its principal place of business at 5 High Ridge Park, Stamford, Connecticut 06905.

2. Upon information and belief, Defendant, Gazzang, Inc. is a Texas Corporation, having its principal place of business in Texas and having an office at 600 Congress Avenue, Suite 1650, Austin, Texas 78701.

3. This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 *et seq.*

4. Jurisdiction of this action arises under 28 U.S.C. §1338(a).  Venue is predicated

under 28 U.S.C. §1391(c).

## COUNT I

5. On December 4, 2007, United States Patent Number 7,305,707 (hereinafter "'707 Patent") entitled "Method for Intrusion Detection in a Database System" was duly and regularly issued. A copy of the '707 Patent is attached hereto as Exhibit "A".

6. Plaintiff is the owner of the '707 Patent.

7. Upon information and belief, Defendant has directly or contributorily infringed or induced the infringement of the claims of '707 Patent by having made, used or sold database security systems that duly embody the invention as claimed therein; such infringement was willful and deliberate; the infringement by Defendant of said Plaintiff's '707 Patent has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court.

8. The Plaintiff has been damaged by the acts of infringement complained of herein.

9. The Plaintiff has no adequate remedy without the intervention of this Court.

10. This case is "exceptional" within the meaning of 35 USC § 285.

WHEREFORE, Plaintiff prays that:

A. An injunction be granted preliminarily and permanently restraining Defendant and all those in privity with it from further infringement of Plaintiff's '707 Patent.

B. Defendant be required to account to Plaintiff for the damages recoverable by Plaintiff under 35 U.S.C. §284 as a result of the wrongful making, using, and selling of Plaintiff's inventions as claimed in Plaintiff's '707 Patent, the exact extent of which cannot now be determined by Plaintiff, and that all of such damages be trebled.

C. Plaintiff be awarded reasonable attorney fees;

D. Plaintiff be allowed its costs; and

E. Such other and further relief be granted to which Plaintiff may be justly entitled.

JURY DEMAND

Plaintiff demands a trial by jury.

June 6, 2014

              Respectfully submitted,

              */s/ Woodrow H. Pollack*
              Stefan V. Stein, ct29408
              Florida Bar Number 300527
              Woodrow H. Pollack, ct29409
              Florida Bar Number 26802
              GRAYROBINSON, PA
              Suite 2700
              401 E. Jackson Street
              Tampa, Florida 33602
              (813) 273-5000
              (813) 273-5145 facsimile
              stefan.stein@gray-robinson.com
              woodrow.pollack@gray-robinson.com